Mr. Donoghue, please proceed. Thank you, Your Honors. May it please the Court. Petitioner Golden Rule is here before Your Honors to argue that the Board erred in finding claims 1-4, 6-8, 10-18, and 20-25 of the 002 patent invalid as obvious under 103A. As a brief overview, the interventions at issue here are directed to a roof flashing that is designed to fit around, for instance, an electrical mast, a pre-existing structure that comes out of a roof that is immovable, such that the flashing cannot fit over the top but must be put around, yet still have a watertight seal, or the best that can be done in terms of a watertight seal. This particular flashing is an innovation and is designed to lay on a pitched roof, specifically, such that it lays naturally with other roofing tiles while providing the watertight seal without the use of caulking or the like. Golden Rule respectfully submits that the Board made at least three discrete errors in concluding that the 002 patent was invalid as obvious. First, it wrongly agreed that CHU disclosed a first and second clip groove formed at a right angle to a first and second flap. Second, it wrongly agreed that the examiner that it would have been obvious to form the trenches of CHU at right angles as a matter of design choice or that the results would have otherwise been predictable. And the issue with that particular finding is that the burden to show criticality never should have shifted to Golden Rule under this court's precedent. And then third, it wrongly concludes that the 002 patent does not disclose the use of right angles in the clip groove to address the inadequacies of caulking, both figure two and the related description and the specific disclosure of it being a rectangular cross-section clearly disclose the right angles that are claimed in the particular claim limitation. Can I ask you a threshold question? The Board, and it may or may not be a jurisdictional question, which is why I want to get to it first. It has to do with the timing of your notice of appeal. That was within 63 days of the April revised board opinion, right? But not within 63 days of the March board opinion. And there's precious little difference, maybe only what one might call clerical changes. Maybe more than that, I'm not sure. Would it be out of time if those April changes were wholly non-substantive? My opinion, Your Honor, is that no, it would not be. And that is because the official document issued and that is here before the court now and that is up on appeal is the final document that was issued. Whether the changes were substantive or not, it seems to me doing that analysis for every document that was later amended would sort of create a rabbit hole to go down to determine what was and wasn't material. For instance, with changes in a particular appeal, I think that the safer rule and the one that is most beneficial for clarity's sake and for the court and petitioners, quite frankly, is that the document on the final, the date on the final document should be the one that governs and should be the one that the period of time for filing the notice of appeal should flow from. So, in the end, what Golden Rule is asking Your Honors to do is to vacate and reverse the finding that the subject claims are not patentable under 103A. And that is because 2 does not disclose the right angle limitation. There are no factual findings supporting the use of the right angle limitation as a matter of design choice or predictability. And therefore, there was no prima facie showing of obviousness. And I think that's the crux of this. If you were to look at the figures in 2 that are relied on for the right angle limitation in light, especially in light of this court's precedent, including, for instance, Hawkerson and the like, which say that in order to use a reference or a figure as a invalidating reference there must be, it must be either specifically drawn to scale or the specification must have a disclosure that discloses the actual range or the number or the dimension that's being used and being claimed to be in the figure. When it comes to 2 and its trench 181, at least the bottom portion of that trench, when you just look at the figure maybe a blown up version of the figure it seems pretty clear to me that the clip groove is forming a right angle with the flap there. Pretty much the same way as in your figure 2 how your clip groove is forming a right angle with the flap. So, I mean, why isn't that just substantial evidence support for the board's finding that Chu's trench 181 is in fact illustrating a right angle just like your figure 2 is illustrating a right angle? Because, again, I don't think that this court's precedent, like under Hockerson for instance there has to be something specific, something more than just a drawing if it's not specifically outlined in the specification. Let me ask you this. You amended these claims to include the right angle limitation, right? Among others, yes. And you didn't have anything in the written description that specifically called out a right angle being formed between the clip groove and the flap, right? What you had was figure 2. You pointed to illustration in figure 2 to say, look at this. It looks like a right angle so that's my written description support for a right angle. I guess what I'm wondering is if a figure is good enough to provide written description support for a claim limitation, why wouldn't it likewise be true that a figure in a prior art reference also is sufficient disclosure and evidence to support that, yeah, the prior art reference is also contemplating a right angle? So, yeah, I think the answer to that, Your Honor is in the specification of the 002 patent. And if you look at the disclosures at column 3, 24 to 39, which was cited as support for the right angle, in addition to figure 2 of course, to the examiner, later to the board and with Your Honors. And if you look at that, it specifically says that the first edge member, 201, has a rectangular cross-section. So when you're talking about a rectangle, you're necessarily talking about right angles, four right angles in a rectangle. There has to be. And the way it describes the edge members, those edge members, 201 for instance, has a rectangular cross-section and a clip groove 205 formed in part by a portion of the top surface of the foot. Now we know the top surface of the foot is flat because it's laying on the roof and it fits along with the other tiles. So those angles have to be coming up, the edge member coming up has to be at a 90 degree angle to the foot. It has to be, otherwise it could not be integral to the foot and form a rectangular at the same time. It would be impossible for that to happen. And if you look further at, for instance, figure 2, there is a directional indicator Y and X. And that is actually those Y and X coordinates are used to describe parts of the invention. And one of the things that it's used to describe is, for instance, this is also in column 3, but it starts at column 2 at the very bottom. It says when the first edge 108 and the second edge 107 are pulled away from each other in the X direction, which is this way and that way, the width of the opening increases. Now that's fairly obvious, but that also shows that if you have a flat foot and you're pulling it outward, and we know that the edge members are rectangular necessarily, because it's disclosed in the specification, those all have to be right angles. And that's different than CHU, which is a figure blown up and used to sort of glean the idea of a right angle. And I think the problem with what the examiner did is the examiner didn't make any finding that, for instance, right proofing ceiling is something that is known in the art. This would be a little bit of a different argument, I think, if that sort of finding was made, or if they were able to point into one of the references in the record that was using right angles in that way. And once you had a disclosure like that, I think you might be able to reasonably conclude that this was known in the art and therefore was predictable or known. And that's what a lot of these I think cases like that are used by the government to support the idea that sort of limitations known in the art can be used as essentially a filler when there's not specific enough disclosure in the reference. Like in Ray Cool, for instance. I think I'm saying that right. In that case, there was a spring loaded contact that was being used in the limitation and the examiner or the board found that that was the only thing that wasn't present in the specific reference being used. But what the examiner did in that case was say that spring loaded contacts are known in the art. And this is like in the use of batteries, for instance. The spring loads to keep a contact to the top and to create a circuit. There the statement was made that this was known in the art. And therefore, once it's known in the art or taught by a reference, or for instance if there's overlapping ranges which is a lot of the context in which this comes up, I think at that point, then you can conclude that this particular reference was obvious or known. But I don't think that finding or anything like it was made by the examiner in this case, such that you can reasonably conclude that Chu discloses the right angle. And I think, again, the difference here is that Chu has a blown up figure. And it's being used as a right angle. Certainly if you look at the other angles, it's clearly not drawn or meant to be. Even if we agreed with you that Chu doesn't disclose it, didn't the board alternatively find it would have been an obvious design choice? So it said it would have been an obvious design choice, but there was no finding that these types of angles were used in the prior. It's essentially what I view as hand waving. They didn't have any reference that specifically used right angles in the prior. Well, assuming for the moment that Chu does not disclose right angles or definitively disclose right angles, it certainly discloses something that's quite close to and akin to a 90 degree right angle. So why wouldn't it therefore in light of Chu itself be just a simple obvious design choice to make something that's not quite 90 degrees 90 degrees. Or that would be an obvious option to undertake. Again, I think if we had a finding from the examiner saying something along those lines, that may be true, but the issue here is we don't have that sort of a finding. And I think if you look at, really the question here is how far can we go in looking at a reference and then sort of waving our hands and saying, well, it's close enough. So we have in, for instance, on the infringement side of things we have things like doctrinal equivalence. And that's limited by, for instance, claim disavowal. And so if the concern here is sort of creating issues of infringement and things that were potentially known in the art, I think that the disclosure and specific claiming of the right angle, and certainly my argument here today, makes it clear that... The difficult position you're in is that we're now at appellate level, and a lot of these arguments are arguments needed to win below the fact-finding tribunal. And so we can't re-weigh everything. We can't independently take a second look at the figures of Chu and arrive at our own personal judgment of what it shows or does not show. All we can do is say, was it a reasonable call for the examiner board to find that, in fact, Chu's trench 181 does show a right angle between the clip groove and the flap. And if we agree with that, because we don't think there's any legal principle that's been violated against relying on figures for attempting to show specific dimensions or sizes relative to other things in the figure, and instead this is merely just relying on the figure for what it shows, which is a configuration that, you know, then I think you're in a hard place on trench 181. And my last question is, if trench 181, if we find that the board was reasonable in concluding that trench 181 shows a right angle, then do you really have any argument about the board's finding on trench 173 that it would just be a mere obvious design choice to make trench 173 also a right angle? So I think, again, the threshold question, the legal principle that you're talking about that I believe is violated here is set forth in Hawkinson and Nydstrom. My question is, assume that doesn't apply. Assume we agree with the finding that trench 181 discloses a right angle, or at least that was a reasonable finding. Then the board went on and said, well, for trench 173, even if it doesn't disclose it, it would be an obvious design choice to make that a right angle, too, in light of trench 181. Would you really have any dispute over that under those circumstances? I think that what would have had to have happened would have been the burden would have needed to, at that point, be shifted, and then we'd have to show criticality, I think, at that point, to your point. Because, again, you're sort of taking a figure and extracting and saying, well, it would have been an obvious design choice, or it would have been predictable. Okay, counsel, we're beyond all of your time, including your rebuttal time. I'll restore two minutes, but let's hear from the government, please. Thank you, Your Honor. Good morning, and may it please the Court. Regardless of whether Chu expressly discloses the right angle limitation, there can be no dispute about two things. First, as compared to the claim dimension, Chu includes the exact same longitudinal... Mr. Foreman, could you get to Judge Toronto's question on jurisdiction? Sure. And the two competing board opinions, and which one should we key off of for times of filing an appeal? To be honest, I... Just to pile on, there's a question whether the time limit is even jurisdictional. Do you happen to know whether the PTO views missing the 63 deadline... 63 date deadline, which was adopted only by the Director, not by Congress, is treated as what's now called a mere claim processing rule, so that I don't think we're in the business of issuing sua sponte orders to show cause. Do you know anything about this? To be honest, I don't. I hadn't known about this issue until you raised it. I just, I guess, assumed that it was timely filed and went on to the merits. It's jurisdictional. We are obliged to... I understand. I'm sorry, I'm just not prepared to know what the PTO's position is on that. I guess, getting back to the First, as compared to the claimed invention, CHOO includes the exact same longitudinal opening for the same purpose, and CHOO's opening is made watertight in the same way. Second, there's nothing in the O02 patent that explains the criticality of the right angle. Given this, the Board correctly found that the claimed invention would have been obvious to one of ordinary skill. I'd just like to respond to one issue that was raised by the written description support for the right angle and this idea that the First Edge member has a rectangular cross-section. I've never really understood how the rectangular cross-section necessarily requires the claimed right angle. For example, on page 22 of the opening brief, where the appellant labels everything, to me, it seems like you can still have a rectangular cross-section and have an angle that's different than a right angle. The angle we care about is where the clip groove meets the flap. The flap is the part extending away from the opening. Whatever that angle is doesn't affect the cross-sectional shape of the First Edge member. Even if the clip groove and flap don't form a right angle, it's possible to maintain the rectangular cross-section of the Edge. Correct. You don't think that the language in the specification dictates a mandatory right angle? Correct. I think the only thing in the specification that can be relied on is the figure, the unlabeled figure that's similar to the unlabeled figure in CHU. There are no other questions? I want to ask one question related to what Judge Toronto asked. There's a first board opinion and a second board opinion. The second board opinion, while it could be deemed almost an errata, there are three additional footnotes added to it. Would it be fair in order for us to resolve this case without needing to ask for additional briefing and concern ourselves with a really complicated jurisdictional issue? Would the PTO's position fairly be understood that the final board decision is the one in this case which contains all the substantive material that's on appeal? I think that's fair to say. I know that you can't waive a jurisdictional issue, but we are okay with... Yes, but if there's a substantive difference between the first order and the second order, and it's not truly just an errata, then the second order dictates the timeline for the appeal. Is it the PTO's position that that's a reasonable approach in this case? Yes. Notwithstanding footnote... I'm sorry, not... Well, the footnote three is the one thing that actually has something that's a little bit substantive, but neither party relies on anything there. Perhaps footnote three clarified a legal ambiguity as to the scope and nature of the original board opinion that got replaced with this board opinion. Yes, I think that's true because... Yes? Yes. Yes. Thank you very much. Thank you very much. We'll restore two minutes of rebuttal time. May it please the court? I think the only point I'd like to address is the idea that the disclosure of a rectangular cross-section doesn't necessarily require... disclose right angles. I think with respect to the foot and the cross-section of the first and second members, I think I've addressed that in that if that cross-member, if the member is integral with the foot, which the specification does in fact say, then if that is also a rectangle, there has to be a right angle on the left between the foot and the member. And I think to address the flap argument, if you look at, again, the figure two and the X and Y dimension, those angles are going directly away from... and are exactly parallel to the foot. And so I think that it is disclosed, in fact, that they are all right angles. With that, I rest. Okay. I thank both counsel for their argument. This case is taken for submission.